## AFFIDAVIT OF RICHARD ST. LAURENT

I, Richard St. Laurent, being sworn, state:

### Introduction and Agent Background

1. I have been a Special Agent with Homeland Security Investigations (HSI) since January 2010. I have been assigned to the Document Benefit Fraud Task Force (DBFTF) of HSI's Boston Division since April 2020. My responsibilities include the investigation of possible violations of federal law, including identity theft, document and benefit fraud and other violations of federal law related to customs and immigrations laws. I have over twenty-one years of experience as a law enforcement officer. Based on my training, experience, and conversations with other Law Enforcement Officers, I am familiar with the methods, routines, and practices of document counterfeiters, vendors, and persons who fraudulently obtain or assume false identities. My investigations have included the use of surveillance techniques and the execution of search, seizure, and arrest warrants.

2. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the mobile phone assigned 508-292-9101 (the "Target Mobile Phone"), the subscriber to which is Cynthia MORALES RIVERA, 50 Outlook Drive, Apartment 31, Worcester, MA 01602. The service provider for this phone is T-Mobile US, Inc. ("T-Mobile") a wireless telephone service provider that accepts service of process at 4 Sylvan Way, Parsippany, NJ 07054. The Target Mobile Phone is further described in Attachment A, and the location information to be seized is further described in Attachment B.

3. The user of the Target Mobile Phone is JOHN DOE. On August 20, 2020, JOHN DOE, was charged in a sealed indictment: with false representation of a social security number,

in violation of 42 U.S.C. § 408(a)(7)(B); theft of government funds, in violation of 18 U.S.C. § 641; and aggravated identity theft, in violation of 18 U.S.C. § 1028A (the "Subject Offenses"). (Docket No. 20-CR-40030).  Law enforcement agents have not been able to locate and apprehend DOE and I seek this warrant to assist agents in that effort.

4.	Based on the facts set forth in this affidavit, there is probable cause to believe that the location information described in <u>Attachment B</u> will assist law enforcement in arresting John DOE who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

5.	The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses.  This affidavit is intended to show that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## Probable Cause

6.	 On August 20, 2020, a Worcester grand jury returned an indictment charging DOE with the Subject Offenses.  The charges against DOE stem from an investigation by HSI, the Sutton Police Department, and IRS-Criminal Investigations.  The investigation showed that DOE stole the identity of an individual with the initials "F.C." and used that identity, including F.C.'s social security number, without F.C's permission to obtain a Massachusetts driver's license and to file false and fraudulent tax returns.  F.C. is a real person whose full identity I know.

7.	Since DOE's indictment, agents have been unable to apprehend him.  Agents learned that DOE may reside at 50 Outlook Drive, Apartment 31, Worcester, MA 01602 with MORALES RIVERA, the subscriber for the Target Mobile Phone.  This apartment is located in

a three-story building containing numerous apartments. On September 2, 11, 14, 15 and 17, 2020, in preparation for the arrest of DOE, agents conducted surveillance and saw DOE in the area of 50 Outlook Drive. Agents did not arrest DOE on any of these dates as they did not have an adequate number of agents to safely arrest him. Moreover, agents were unable to ascertain which specific apartment DOE was entering. Subsequently, on September 22 and 23, 2020, agents attempted to arrest DOE at 50 Outlook Drive, but were not able to locate him. Since September 23, 2020, agents have conducted surveillance on seven occasions in an attempt to locate DOE, but have not seen DOE on any of these occasions. On three of these seven occasions (since September 23), agents observed a female who, based on a comparison with a Massachusetts RMV photo, appears to be MORALES-RIVERA operating a Mercedes Benz SUV in the area of 50 Outlook Drive. According to Massachusetts RMV records, the Mercedes SUV is registered in MORALES-RIVERA'S name. In addition, agents have attempted to use social media accounts and other open source information to locate the defendant. However, those efforts have not been fruitful especially because the defendant is living under a stolen identity.

8.   As part of my efforts to apprehend the defendant, I have spoken with law enforcement officers from other federal and local agencies. I have learned from at least two sources that DOE is, in fact, the user of the Target Mobile Phone, even though it is registered to MORALES RIVERA. Law enforcement officers reported that they had used the Target Mobile Phone number to contact DOE. DOE's use of a phone subscribed to MORALES RIVERA is consistent with other activity. Specifically, Sutton Police stopped DOE in September 2018 as he drove a vehicle registered to MORALES RIVERA. Both DOE (using the stolen identity) and MORALES RIVERA list the same residential address in their MA RMV driver's license records.

Police reports further indicate that DOE was stopped by police in 2016 and 2017 on several occasions, also driving vehicles registered to MORALES RIVERA on each occasion. Moreover, based on the fact that the defendant is living under a stolen identity, it is not unusual that he would use a cell phone registered in another individual's name.

9. The precise location information requested by the proposed warrant will enable investigating agents to locate DOE in order to arrest DOE pursuant to an active arrest warrant, among other investigative avenues. Based on checks of law enforcement indices as well as collaboration and conversations with other law enforcement officers familiar with DOE, I have reason to believe DOE is currently in the presence of and utilizing the Target Mobile Phone. According to T-Mobile records, the account for the Target Mobile Phone is still active. All other investigative techniques that have been utilized to locate DOE have been unsuccessful.

### The Relevant Technology

10. I know that mobile phone providers have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the mobile phones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the mobile phone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the mobile telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a

wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

## Authorization Request

11. I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Fed. R. Crim. P. 41.[1]

12. I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Mobile Phone on T-Mobile's network, and at such intervals and times as directed by the government. The government will compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

13. I further request that, pursuant to the preclusion of notice provisions of 18 U.S.C. §§ 2703(b)(1)(A) & 2705(b), the Court order T-Mobile not to notify any person (including the subscribers or customers to whom the materials relate) of the existence of this application, the warrant, or the execution of the warrant, for the earlier of one year from the date of the Court's Order or upon notice by the government within 30 days of the conclusion of its investigation, unless the Court extends such period under 18 U.S.C. § 2705(b). T-Mobile may disclose this Order to an attorney for T-Mobile for the purpose of receiving legal advice. Non-disclosure is

---

[1] 18 U.S.C. 2703(c) authorizes a "court of competent jurisdiction" to issue a search warrant for the kinds of records that this application seeks. A "court of competent jurisdiction" includes a district court ("including a magistrate judge") that has jurisdiction over the offense being investigated. 18 U.S.C. § 2711(3)(A)(i).

appropriate in this case because the Court's Order relates to an ongoing criminal prosecution that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the existence of the investigation. There is accordingly reason to believe that notification of the existence of the Order will seriously jeopardize the prosecution, including by: giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates, or will otherwise seriously jeopardize an ongoing investigation. See 18 U.S.C. § 2705(b).

14. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay any required notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Mobile Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. See 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. See 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. See 18 U.S.C. § 3103a(b)(2).

15. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Mobile Phone outside of daytime hours.

16. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court, except that the government may produce them in criminal discovery and provide the search warrant to T-Mobile. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

*Richard St Laurent*/sas
Richard St. Laurent, Special Agent

Sworn to via telephone in accordance with Federal Rule of
Criminal Procedure 4.1 on February  18 , 2021:      1:34 p.m.

*David H. Hennessy*
Hon. David H. Hennessy
United States Magistrate Judge